-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN GEORGE JENKINS,

          Plaintiff,

                              DECISION AND ORDER
-v-                             13-CV-181Sc

AMHERST CITY POLICE DEPART. OF N.Y.,
DETECTIVE LANSING, Amherst City Police N.Y.,
ERIE COUNTY PROSECUTOR OFFICE, STATE, N.Y.,
JANE DOE, Erie County Assistant D.A.,
AMHERST CITY OF NEW YORK D.A. OF
MUNICIPAL COURT,
JUDGE WOLFGANG, State of New York,
ATTORNEY JEREMY SCHWARTZ, N.Y.,
STATE OF NEW YORK,
ATTORNEY GENERAL STATE OF N.Y.,
LIAWANDA LAW FIRM OF BUFFALO N.Y.,

          Defendants.

_____

      Plaintiff filed this *pro se* action seeking relief under 42 U.S.C. § 1983. It now appears that the Court does not have plaintiff's current address. At the time plaintiff filed his complaint, he was incarcerated in the Montgomery County (Pennsylvania) Correctional Facility, located in the Eastern District of Pennsylvania. The Eastern District (Hon. Thomas N. O'Neill, Jr.) subsequently transferred the case to this district pursuant to 28 U.S.C. § 1406(a). (Docket No. 4). According to the Inmate Locator maintained by the Montgomery County Correctional Facility, http://webapp.montcopa.org:8080/inmatelookup?client=public,[1] plaintiff is no longer incarcerated

---

[1] It is proper for the Court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed.R.Evid. 201(b). While much information on the Internet does not meet the requirements of Rule 201(b), release information on the Inmate Locators maintained by official state web sites is unquestionably accurate and readily available.

at the facility. Based on this, it appears that plaintiff has failed to provide the Court with an address where papers may be served.

Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. .... In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule of Civil Procedure 5.2(d).

Accordingly, **plaintiff is directed to provide the Court with an address where papers may be served by September 15, 2014 or the case will be dismissed with prejudice without further order of the Court.**

If plaintiff fails to provide an address by **September 15, 2014**, the Clerk of the Court is directed to close this case as dismissed with prejudice without further order of the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 14, 2014
Rochester, New York